## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| EVA TRUJILLO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-cv-1529 |
| | § | |
| EQUIFAX INFORMATION | § | With Jury Demand Endorsed |
| SERVICES, LLC and | § | |
| NATIONSTAR MORTGAGE, LLC, | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff, Eva Trujillo ("Plaintiff"), by and through counsel, for her Complaint against Defendants, Equifax Information Services LLC and Nationstar Mortgage, LLC, jointly, severally, and in solido, states as follows:

## I. INTRODUCTION

1.      One of the Defendants is a consumer reporting agency ("CRAs") as defined by 15 U.S.C. § 1681a(f), and one Defendant, Nationstar Mortgage, LLC, is a furnisher of consumer information. All Defendants have violated 15 U.S.C. § 1681 *et seq.*, known as the Fair Credit Reporting Act (the "FCRA"). Plaintiff seeks to recover from Defendants actual, statutory, and punitive damages, injunctive relief, legal fees, and expenses.

## II. PARTIES

2.      Plaintiff, Eva Trujillo, is a natural person residing in Bernalillo County, New Mexico. She is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c) and a victim of repeated false credit reporting.

Made Defendants herein are:

3.      Upon information and belief, Defendant Equifax Information Services LLC, which may also hereinafter be referred to as "Equifax," "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants" is a Georgia limited liability company that does substantial business in this judicial district and may be served by delivering a summons to its headquarters, 1550 Peachtree Street, Northwest, Atlanta, Georgia 30309.  Equifax is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f). Equifax regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Equifax disburses such consumer reports to third parties of contract for monetary compensation.

4.      Upon information and belief, Defendant Nationstar Mortgage, LLC or Mr. Cooper, which may also hereinafter be referred to as "Nationstar," "Defendant," "Defendants," "Furnisher Defendant," or "Furnisher Defendants," is a Delaware limited liability company that does substantial business in this judicial district and may be served by delivering a summons to its Legal Department at its headquarters, 8950 Cypress Waters Blvd., Coppell, Texas 75019. Nationstar is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b), and a furnisher of consumer credit information to consumer reporting agencies.

5.      As used herein, "consumer reporting agency," or "CRA," means any person that, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports and is an entity in the business of collecting, maintaining and disseminating information regarding the credit-worthiness of individuals. CRAs specifically include, but are not limited to, Equifax.

### III.  JURISDICTION AND VENUE

6.      This Honorable Court has jurisdiction in this case which arises under federal law—28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).  Further, the amount in controversy exceeds $75,000.00, exclusive of costs and interest and the parties to these proceedings are citizens of different states. *See* 28 U.S.C. § 1332**.**  Plaintiff also asserts causes of action under state law which may be brought within the supplemental jurisdiction of this Court and Plaintiff respectfully requests that this Honorable Court exercise supplemental jurisdiction over said claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in this District because the CRA Defendants and Nationstar transact business in this District. Nationstar is headquartered in this judicial district, a substantial part of the conduct complained of occurred in this district, and various actions made basis of Plaintiffs' claims against Defendants occurred in the Northern District of Texas as further described. 28 U.S.C. § 1391.

8.      Venue is further proper in this District because the CRA Defendants entered into

agreements with Nationstar in this judicial district to receive credit reporting data concerning Plaintiff. Any and all requests to investigate Plaintiff's dispute sent from the CRA Defendants as part of their reinvestigation was submitted to Nationstar's headquarters and investigated by the furnisher Nationstar using Nationstar's resources located at or closely connected to this judicial district. Nationstar managed Plaintiff's mortgage from this judicial district including communicating amounts owed and conducting numerous communications via phone and letter.

## IV.  FACTUAL ALLEGATIONS

9.      In October 2004, Plaintiff secured a mortgage for her home at 1520 Entrada Bonita St. SW, Albuquerque, New Mexico 87105 with Nationstar Mortgage LLC (hereafter the "mortgage account").

10.     Plaintiff has always made consistent and timely monthly payments on the mortgage account.

11.     A redacted copy of Plaintiff's payment history is attached hereto as Exhibit "A".

12.     In January 2021, Plaintiff requested and received a copy of her credit report assembled, evaluated, and disbursed by Equifax and noticed that her Nationstar mortgage account was reporting inaccurately.

13.     Within the Equifax credit report, Plaintiff noticed that it originally reported a 30-day late payment in August 2020.

14.     A redacted copy of Plaintiff's January 2021 Tri-Merge Credit Report is attached as Exhibit "B".

15.     In or about May 2021, Plaintiff disputed the reporting of the Nationstar mortgage account with Equifax (the "CRA Defendants") directly. Plaintiff requested that under the FCRA,

the CRA Defendants conduct a reasonable investigation and/or remedy the inaccuracies on Plaintiff's credit reports concerning the Nationstar mortgage account.

16.    An unsigned copy of Plaintiff's dispute letter to Equifax is attached hereto as Exhibit "C" and incorporated herein by reference.

17.    Equifax responded to Plaintiff's dispute letter on May 30, 2021.  In its response letter, Equifax informed Plaintiff that his credit report had been updated, but was now listing the account as "transferred" and "closed" on the Nationstar mortgage tradeline.

18.    A redacted copy of Equifax's response to Plaintiff's dispute letter is attached hereto as Exhibit "D" and incorporated herein by reference.

19.    Equifax's response was not the result of a reasonable investigation into Plaintiff's dispute.

20.    Equifax chose to "verify" false information from an unreliable source, failed to correct all of the inaccurate information, and continued to publish the inaccurate information regarding Plaintiff's Nationstar account.

21.    Upon the Plaintiff's request to Equifax for verification and addition regarding the Nationstar mortgage account, and in accordance with Equifax's standard procedures, Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the Nationstar tradeline.

22.    In the alternative, Equifax failed to contact Nationstar, therefore, failed to perform any investigation at all.

23.    In the alternative to the allegation that Equifax failed to contact Nationstar, it is alleged that Equifax did forward some notice of the dispute to Nationstar, and Nationstar failed to

conduct a lawful investigation.

24.     After the CRA Defendants notified Nationstar of the disputed tradeline involving the Nationstar mortgage account, Nationstar failed to correct any of the information.  Nationstar failed to conduct a lawful reinvestigation and inappropriately ordered the CRA Defendants to delete Plaintiff's mortgage account tradeline.

25.     Accordingly, in March 2021 Plaintiff mailed a Qualified Written Request ("QWR") to Defendant Nationstar. In her QWR, Plaintiff noted the letter was a notice of error and requested detailed information regarding her mortgage. Plaintiffs' QWR also stated that Nationstar had 30 days to respond under RESPA.

26.     Nationstar responded to Plaintiffs' QWR on April 9, 2021 and chose to verify inaccurate information, despite having evidence to the contrary.

27.     A redacted copy of Nationstar's Response to Plaintiff's QWR is attached hereto as Exhibit "E" and incorporated herein by reference.

28.     Accordingly, Nationstar failed to conduct a lawful reinvestigation and/or inappropriately ordered the CRA Defendants to continue reporting innacurate information.

29.     An updated copy of Plaintiff's Tri-Merge June 2021 Credit Report is attached hereto as Exhibits "F" and incorporated herein by reference.


## V.  GROUNDS FOR RELIEF

### COUNT I – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. § 1681e(b))

30.     The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

31.     Equifax violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable

procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

32.     The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

33.     Equifax knew or should have known Plaintiff's account status and payment history were inaccurate, but Equifax continued to prepare a patently false consumer report concerning Plaintiff.

34.     Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Equifax readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

35.     After Equifax knew or should have known Plaintiff's payment history was inaccurate, it failed to make the corrections.

36.     As a result of Equifax's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

37.     Equifax's conduct, action, and inaction, were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

38.     The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT II – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

39.     Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

40.     Equifax violated 1681i by failing to update inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

41.     As a result of Equifax's conduct, action, and inaction, Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

42.     Equifax's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

43.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT III – NATIONSTAR'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681s-2(b))

44.     Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

45.     Defendant Nationstar violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or failing to appropriately report the results of their investigations, and/or failing to appropriately modify the information.

46.     Nationstar further violated 15 U.S.C. § 1681s-2(b) by continuing to report the Nationstar representation within Plaintiff's credit file with the CRA Defendants without also including a notation that this debt was disputed, failing to fully and properly investigate Plaintiff's dispute of the Nationstar representation, failing to accurately respond to the CRA Defendants, failing to correctly report results of an accurate investigation to every other consumer reporting agency, and failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Nationstar representations to the consumer reporting agencies.

47.     As a result of Nationstar's conduct, action, and inaction, Plaintiff suffered damages, including, but not limited to, denial in his attempt to refinance, loss in his ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

48.     Nationstar's conduct, action, and inaction, were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**COUNT IV – NATIONSTAR'S VIOLATION OF RESPA**

49.     Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

50.     Under RESPA section 2605(e) and the implementing regulations, a servicer must conduct a reasonable investigation of the errors identified in the borrower's notice and make all appropriate corrections to the account.

51.     Nationstar has negligently and/or willfully violated section 2605(e) by failing to conduct a reasonable investigation of the errors brought to its attention by Plaintiff's request, correct the account accordingly, and left the account riddled with errors.

52.     Nationstar further violated § 2605(e) by failing to credit late charges and/or penalties as required under subsection (2)(A).

53.     Nationstar's failure to respond, conduct a reasonable investigation and make the appropriate corrections to Plaintiff's account, as well as credit late fees and/or penalties, has proximately caused Plaintiff's damages.

54.     Defendant Nationstar is therefore liable to Plaintiff for statutory and actual damages as provided in 12 U.S.C. § 2605(f).

55.     Plaintiff is also entitled to recover reasonable attorney's fees and costs expended in this proceeding from Nationstar as provided in 12 U.S.C. § 2605(f).

## VI.  VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

56.     Plaintiff will demonstrate, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendants, the principals, within the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability to Defendants for all such actions under the doctrine of respondeat superior and/or vicarious liability.

## VII. DAMAGES

57.     Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of fact, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendants under the provisions of the FCRA and/or states' laws, including Texas.

58.     Plaintiff respectfully requests that this Honorable Court award Plaintiff his litigation expenses and other costs of litigation and reasonable attorney's fees incurred in this litigation, in accordance with the provisions of the FCRA and/or other laws.

59.     The above and foregoing actions, inactions, and fault of Defendants, as to each and every claim, have proximately caused a wide variety of damages to Plaintiff.

60.     Defendants performed perfunctory and essentially useless reinvestigations resulting in the verification of false reporting about the Plaintiff and have been a substantial factor in causing credit denials and other damages.

61.     Plaintiff suffered a variety of damages, including economic and non-economic damages as prayed for herein.

62.     Defendants have negligently and/or willfully violated various provisions of the FCRA and are thereby liable unto Plaintiff.

63.     Defendants are liable unto Plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, denial in his attempt to refinance his mortgage, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of

personal and financial safety and security, attorney's fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

WHEREFORE PREMESIS CONSIDERED, Plaintiff prays that this Honorable Court:

A.      Enter Judgment in favor of Plaintiff and against Defendants Equifax Information Services, LLC and Nationstar Mortgage, LLC, jointly, severally, and in solido, for all reasonable damages sustained by Plaintiff, including, but not limited to, actual damages, compensatory damages, out-of-pocket expenses, credit denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, and fear of personal and financial safety and security for Defendants' violations of the FCRA, applicable state law, and common law;

B.      Find that the appropriate circumstances exist for an award of punitive damages to Plaintiff;

C.      Award Plaintiff pre-judgment and post-judgment interest, as allowed by law;

D.      Order that the CRA Defendants, Equifax Information Services and Furnisher Defendant, Nationstar Mortgage, LLC, work in conjunction, cooperatively, and/or individually to reinvestigate and correct the consumer report(s), credit report(s), data emanations, consumer histories, and credit histories of and concerning Plaintiff and/or any of Plaintiff's personal identifiers.

E.      Grant such other and further relief, in law or equity, to which Plaintiff might show he is justly entitled.

DATE: July 1, 2021                    Respectfully submitted,

*/s/ Matthew P. Forsberg*
Matthew P. Forsberg
MN State Bar Number 0400067
Matt@FieldsLaw.com
FIELDS LAW FIRM
9999 Wayzata Blvd.
Minnetonka, Minnesota 55305
(612) 383-1868 (telephone)
(612) 370-4256 (fax)

**LAW OFFICE OF JONATHAN A. HEEPS**

/s/ *Jonathan A. Heeps*                      .
Jonathan A. Heeps
State Bar No. 24074387
LAW OFFICE OF JONATHAN A. HEEPS
Post Office Box 174372
Arlington, Texas 76003
Telephone (682) 738-6415
Fax (844) 738-6416
jaheeps@heepslaw.com


COUNSEL FOR PLAINTIFF


**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATE: July 1, 2021                    */s/ Matthew P. Forsberg*
                                      Matthew P. Forsberg

Page 13 of 13